IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>SONIA LOPEZ-PEREZ,<br><br>                    Defendant. | 4:14-CR-3107<br><br>TENTATIVE FINDINGS |

      The Court has received the presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 49) and filed a motion for variance (filing 50).

      IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)      in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report (filing 49). Specifically, the defendant objects to the increase in the offense level from 6 to 12 pursuant to U.S.S.G. § 2B1.1(b)(11)(A)(ii), which provides a two-level enhancement in the offense level (or an increase to level 12 if the result is less than level 12) if the offense involved the "possession or use" of an "authentication feature" of an identification document.

   This Court has previously held that the primary function of an "authentication feature" should be its use by the issuing authority to determine if an identification document is counterfeit, altered, or otherwise falsified. *United States v. Rodriguez-Cisneros*, 916 F. Supp. 2d 932, 935 (D. Neb. 2013). Accordingly, the Court has distinguished between a "means of identification," such as a Social Security number or driver's license number, and a "authentication feature," such as holograms, symbols, or codes used to verify that an identification document is authentic. *Id.* at 935-36.

   The presentence report in this case represents that the defendant possessed a fraudulent Social Security card and a Missouri identification card, each possessing "a unique series of numbers and/or authentication features." The Court cannot determine from this description whether the presentence report's increase in the offense level is based on a true authentication feature, which would be appropriate, or merely a means of identification, which would not support the enhancement. And the burden is on the government to prove the factual basis for a sentencing enhancement by a preponderance of the evidence, so when the defendant objects, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *See, United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008); *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Therefore, the Court will resolve the defendant's objection based upon the evidence presented at sentencing.

3. The defendant has also filed a motion for variance (filing 50) based upon her personal circumstances and the § 3553(a) factors. The Court will resolve that motion at sentencing.

4.  Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5.  If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

    Dated this 21st day of October, 2015.

                                          BY THE COURT:

                                          *John M. Gerrard*
                                          John M. Gerrard
                                          United States District Judge